IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

A&J PRODUCE CORP., :
:
          **Plaintiff** :
:
v. : Case No. 3:08-cv-01850(VLB)
:
WATERMELON EXPRESS, L.L.C., et al., :
:
          **Defendants** :

### ORDER GRANTING PLAINTIFF'S
### MOTION FOR PRELIMINARY INJUNCTION [Doc. #5]

Plaintiff, A&J Produce Corp., filed a civil action alleging violations of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e(c), and other causes of action against the defendants Watermelon Express, L.L.C., Charles Annicelli and Kathleen M. Annicelli. The complaint seeks an order enforcing payment from the produce trust established under PACA and damages.

The Court has subject matter jurisdiction over this action. 7 U.S.C. §499e(c)(5).

On December 10, 2008, the Court issued an Order scheduling a hearing on Plaintiff's Motion for Preliminary Injunction for 2:00 p.m. Monday, December 15 at 450 Main Street, Hartford, Connecticut in Courtroom 2. The

Court instructed the plaintiff to serve notice of this proceeding and of the hearing on the defendant.

The standard for granting injunctive relief in the Second Circuit requires the moving party "to demonstrate (1) the likelihood of irreparable injury in the absence of such an injunction, and (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation plus a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *1-800 Contacts, Inc., v. Whenu.Com, Inc.*, 414 F.3d 400, 406 (2d Cir. 2005); *Fed. Express Corp. v. Fed. Espresso, Inc.*, 201 F.3d 168, 173 (2d Cir. 2000). The facts in this case show that Plaintiffs is entitled to the requested relief.

Having considered the motion, the memorandum of law in support, the affidavit of the plaintiff's representative in support of the motion, the court finds that the plaintiff offers evidence, through the affidavit of the plaintiff's representative, that the plaintiff is a trust creditor of the defendants under Section 5(c) of the PACA, 7 U.S.C. §499e(c), which has not been paid for produce in the amount of $90,666.50, supplied to the defendants between July 23, 2008 and August 8, 2008, as required by PACA, despite demand therefor. A PACA trust exists for the benefit of all of the defendants' unpaid produce suppliers. 7 U.S.C. §499e(c)(2). Congress has recognized that there

is irreparable harm if PACA trust assets are dissipated because it is almost impossible for a beneficiary to obtain recovery once there has been dissipation from the trust. *Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154 (11th Cir. 1990) (citing legislative history); *Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132 (3d Cir. 2000). In this case, the plaintiff has demonstrated a strong likelihood of success on the merits. In addition, the defendants' failure and inability to pay is a very strong showing of irreparable injury in the form of dissipation of trust assets. *Frio Ice*, 918 F.2d 154; *Tanimura & Antle*, 222 F.3d 132.

Notice of this matter and the December 15, 2008 hearing were served on the defendants as evidenced by communications between counsel for the parties. [Plaintiff's Ex. 1-4] The defendant does not object to entry of injunctive relief. [Plaintiff's Ex. 3]

Based upon the foregoing factual findings the defendant effectively concedes and the Court finds that the plaintiff has established: (1) that irreparable harm is likely to result if injunctive relief against the defendants is not ordered pending further court proceedings; and (2) a substantial likelihood of success on the merits of its PACA claim against the defendants. The Court further finds that the benefits of the injunction outweigh the harm

to the defendants, and the issuance of the injunction will preserve the *status quo* and is not contrary to the public interest. 7 U.S.C. §499e(c)(1).

**PRELIMINARY INJUNCTION ORDER**

IT IS ORDERED that Plaintiff's Motion for Preliminary Injunction is granted.

IT IS FURTHER ORDERED that Defendants, their customers, agents, officers, subsidiaries, assigns, partners, banking institutions and/or related entities, shall not alienate, dissipate, pay over or assign any assets of Defendant, Watermelon Express, L.L.C., or its subsidiaries or related companies except as set forth herein.

IT IS FURTHER ORDERED that within five (5) business days of the date of this Order, Defendants shall supply to Plaintiff's counsel the following documents regarding the assets of Watermelon Express, L.L.C. and its related or subsidiary companies: most recent balance sheets and profit/loss statements, accounts receivable names and addresses for collection purposes, and all records, such as checking account registers, showing how any funds received from the sale of produce were spent in the last eight (8) months.

IT IS FURTHER ORDERED that Defendants and/or any banking institutions shall, within two (2) business days of service of this Order, pay

any and all funds realized from the sale of produce or products derived from produce in their possession up to $90,666.50 to McCarron & Diess, 4900 Massachusetts Avenue, N.W., Suite 310, Washington, D.C. 20016, attorneys for Plaintiff, pending further Order of the Court.

IT IS FURTHER ORDERED that any and all funds belonging to Defendant Watermelon Express, L.L.C. in the possession of third parties, including all funds belonging to Watermelon Express, L.L.C. on deposit at banking institutions, up to $90,666.50, shall be immediately paid to McCarron & Diess, 4900 Massachusetts Avenue, N.W., Suite 310, Washington, D.C. 20016, attorneys for Plaintiff, pending further Order of the Court.

IT IS FURTHER ORDERED that the attorneys for Plaintiff are hereby authorized and directed to collect all outstanding accounts receivable of Defendant Watermelon Express, L.L.C. pending further Order of the Court, and that Defendants are required to fully cooperate with Plaintiff's attorneys in providing any necessary testimony and/or documents to effect collection. SO ORDERED.

/s/
**Vanessa L. Bryant
United States District Judge**

**Dated this 16th day of December, 2008 at Hartford, CT.**